# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN KENNEDY ONYANGO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-17-384-HE |
| | ) | |
| JANET DOWLING, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner John Kennedy Onyango, who is represented by counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his state court conviction and sentence. The matter was referred to U.S. Magistrate Judge Bernard M. Jones for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Jones has issued a Report and Recommendation (the "Report") recommending that the petition be denied. Petitioner has filed an objection to the Report, which triggers *de novo* review.

A jury in Payne County convicted petitioner of first degree rape. In accordance with the jury's recommendation, the court sentenced petitioner to thirty-five years imprisonment. Petitioner's conviction and sentence were affirmed on appeal by the Oklahoma Court of Criminal Appeals ("OCCA"). Petitioner raised two grounds for relief in his direct appeal. The OCCA rejected both grounds in a summary opinion. Petitioner did not seek post-conviction relief.

Here, petitioner relies on the same two grounds for relief as were raised on direct appeal. Because the OCCA addressed the merits of petitioner's claims, this court's review is governed by 28 U.S.C. § 2254(d). The Supreme Court has stated that Section 2254(d) "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 571 U.S. ---, 134 S. Ct. 10, 16 (2013). Relief may only be granted "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Harrington v. Richter, 562 U.S. 86, 102 (2011).

Petitioner objects to the Report's conclusion rejecting his Sixth and Fourteenth Amendment claims. He argues his rights were violated when he was denied the right to call a witness during his trial and the Report incorrectly applied the applicable standard in rejecting his argument. The court concludes otherwise.

"[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). "In a habeas proceeding claiming denial of due process, 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair." Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991). "Federal courts must 'approach such [fundamental-fairness] analysis with considerable self-restraint,' reversing state-court rulings only in 'the most serious cases, which truly shock the conscience as well

2

as the mind.'" Sanchez v. Bryant, 652 Fed. App'x 559, 604-05, (10th Cir. 2016) (unpublished opinion, alteration in original) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990) (internal quotations and citation omitted)).

In evaluating a claim based on excluded evidence, the court must determine whether, looking at the record as a whole, "the evidence was of such an exculpatory nature that its exclusion affected the trial's outcome." Richmond v. Embry, 122 F.3d 866, 874 (10th Cir. 1997). Here, the excluded testimony was that of a state social worker. Petitioner's submissions indicate that, approximately a year prior to the alleged rape of the child victim, DHS had been investigating allegations of child abuse by the victim's parents. At trial, defense counsel made an offer of proof that the DHS worker would testify that, in her opinion, the victim's parents had coached the victim and a sibling on what to say to the authorities regarding the child abuse investigation. Petitioner argues, as he did in his direct appeal, that "the proffered testimony . . . was relevant under state evidentiary rules, and material and relevant in light of his constitutional right to present a defense." Doc. #18, p. 6.[1] Specifically, he argues the excluded testimony was relevant to whether the victim had been coached in the rape trial. He asserts the OCCA ruling on this evidentiary issue was an unreasonable application of Supreme Court precedents.

Based on a pretrial motion in limine, the trial court ruled that the disputed evidence was not relevant and that the danger of prejudice outweighed its probative value. Doc. #13-4, p. 9. The OCCA, citing Holmes v. South Carolina, 547 U.S. 319, 326 (2006),

---

[1] *References to filings with this court are to the CM/ECF document and page number.*

specifically noted that petitioner had "a constitutional right to present evidence in his defense" but also noted that "the evidence proffered must conform to well established rules of evidence." Doc. #13-3, p. 2. The OCCA then concluded the trial court did not abuse its discretion in excluding the testimony. *Id.*

The trial court's decision to exclude the evidence might reasonably be debated, but its exclusion does not shock the conscience. The exclusion of this evidence did not obviously prevent petitioner from receiving a fundamentally fair trial. The victim and both parents testified at trial and were subject to petitioner's cross-examination. Petitioner also testified and was permitted to present a complete defense. While some judges might well have reached a conclusion different from that reached by the trial judge here, the conclusion was not obviously wrong and the OCCA's determination of the issue did not involve an unreasonable application of Supreme Court precedent within the meaning of the AEDPA standard. Petitioner's first ground fails to establish a basis for relief.

Petitioner also objects to the Report's rejection of his second ground for relief. He argues that the prosecutor's reference to Oklahoma's 85% Rule during closing arguments deprived him of a fundamentally fair trial. "[A] prosecutor's improper comments will be held to violate the Constitution only if they so infected the trial with unfairness as to make the resulting conviction a denial of due process." Parker v. Matthews, 567 U.S. 37, 45 (2012) (quotations and citations omitted).

The OCCA has stated that it is "a misleading misstatement of law which constitutes a substantial violation of [] constitutional and statutory rights" to have a prosecutor state in closing arguments a defendant "will only serve 85 percent" of an imposed sentence. Florez

4

v. State, 239 P.3d 156, 158 (Okla. Crim. 2010) (emphasis added). At petitioner's trial, the prosecutor stated: "In Oklahoma, when you're convicted of rape in the first degree, you have to serve 85 percent of your sentence, and that's what this instruction tells you. So whatever term you decide, this instruction tells you he will have to serve 85 percent." Doc. #13-4, p. 12. Because no objection was raised at trial, the OCCA reviewed this proposition for plain error. Doc. #13-3, p. 2. The court concluded that "the prosecutor's comments merely mirrored the jury instruction on the 85% rule, thus there is no plain error." *Id.* The jury instruction states: "A person convicted of Rape in the First Degree shall be required to serve not less than [85 percent] of the sentence imposed before becoming eligible for consideration for parole." Doc. #13-5.

Petitioner "disagrees with [the OCCA's] assessment" and argues that the prosecutor implied "that whatever sentence the jury imposed would not be valid because [petitioner] would only serve 85% of it." Doc. #18, p. 9. The court agrees with the Report that the OCCA's decision is not contrary to or an unreasonable application of federal law under the applicable, deferential standard. The prosecutor's comments did not infect the trial with such unfairness as would result in a denial of due process. Petitioner has failed to demonstrate he is entitled to relief based on the second ground in his petition.

Accordingly, having conducted a *de novo* review, the court **ADOPTS** the Report [Doc. #16] and **DENIES** the petition for writ of habeas corpus. The court also **DENIES** a certificate of appealability, as it concludes petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 11th day of December, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE